IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TOMMY MONTANA WHEELER, )
)
               Petitioner, )
)
v. ) Case No. 16-CV-156-TCK-JFJ
)
JOE ALLBAUGH, Warden,[1] )
)
               Respondent. )

**OPINION AND ORDER**

Before the Court is Petitioner Tommy Montana Wheeler's habeas corpus petition under 28 U.S.C. § 2254 (Dkt. 1). Petitioner challenges his Tulsa County District Court convictions for armed robbery, Case No. CF-2008-5609. Dkt. 1 at 1. For the reasons below, the Court will deny the petition.

**I. Background**

Petitioner's convictions stem from an incident in 2008, when he robbed a pharmacy. Dkt. 12-2 at 3. The State charged him with robbery using a firearm after three felonies in violation of OKLA. STAT. tit. 21, § 801. Dkt. 12-5 at 1; *see also* Dkt. 4 at 3. On April 20, 2009, Petitioner entered a negotiated plea. Dkt. 12-2. He agreed to plead guilty in exchange for a sentence of up to 30 years imprisonment. *Id.* The state court accepted the plea and sentenced Petitioner to 30 years imprisonment, a $500 fine, and a $250 victim of crime assessment. Dkt. 12-1. Petitioner must serve 85% of his sentence before becoming eligible for parole. Dkt. 12-2 at 2. Judgment on the conviction and sentence was entered April 22, 2009. Dkt. 12-1.

---

[1]     Petitioner is incarcerated at the Lawton Correctional Facility, a private correctional center. Joe Allbaugh, Director of the Oklahoma Department of Corrections, is therefore substituted in placed of Kameron Harvanek as party Respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note the substitution on the record.

A few days later, Petitioner consulted with other inmates and decided to withdraw his plea. Dkt. 4 at 2. He asked counsel to file a motion to that effect, but counsel allegedly failed to do so within the ten-day withdrawal window. *Id.* On September 22, 2009, Petitioner filed an application for post-conviction relief. Dkt. 12-4 at 8. He was eventually granted the right to appeal out of time. *Id.* at 9. Thereafter, the Oklahoma Court of Criminal Appeals (OCCA) directed the public defender to file a motion to withdraw the plea. *Id.* at 9-10. Plea Counsel filed the motion on September 13, 2011. *Id.* at 10. The motion alleged Plea Counsel failed to advise Petitioner that: (a) robbery is an 85% crime; (b) a 30-year sentence is grossly excessive. *Id.* The state court appointed Conflict Counsel, held a hearing on October 10, 2011, and denied the motion to withdraw. *Id.* at 10-11.

After some procedural glitches, Petitioner eventually perfected a certiorari appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. 12-4 at 10-13. His appellate counsel raised three propositions of error:

(Proposition 1): The plea was involuntary.

(Proposition 2): Plea Counsel rendered ineffective assistance.

(Proposition 3): The sentence is excessive.

Dkt. 12-5 at 2. By a Summary Opinion entered February 25, 2016, the OCCA denied certiorari relief and affirmed Petitioner's conviction. *Id.*

Petitioner filed the instant § 2254 Petition (Dkt. 1) on March 22, 2016. He identifies the same grounds for relief as he raised in the certiorari appeal. Respondent filed a Response (Dkt. 12) along with copies of the state court record (Dkt. 13). Respondent concedes, and the Court finds,

that the petition is timely and the exhaustion requirement is satisfied. *See* Dkt. 12 at 2; *see also* 28 U.S.C. §§ 2244(d)(1), 2254(b)(1)(A). The matter is therefore ready for a merits review.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, because the OCCA already adjudicated petitioner's claims, this Court may not grant habeas relief unless he demonstrates that the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[1] (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess

---

[1] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

**Ground 1: Involuntary Plea**

In Ground 1, Petitioner contends his guilty plea was involuntary. Dkt. 1 at 6. He argues he signed the plea agreement while suffering from opiate withdrawals and taking new prescription medication (antipsychotics and mood stabilizers). Dkt. 4 at 2, 7. Petitioner further argues he only signed the agreement to obtain a transfer out of the Tulsa County Jail, where he felt unsafe due to his gender confusion. *Id.* Under these circumstances, Petitioner contends the state court violated the Due Process Clause by denying his motion to withdraw the plea. *Id.*

To comport with due process, a plea must be knowing, voluntary and intelligent. *See Brady v. United States*, 397 U.S. 742, 747-78 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). A plea is knowing and intelligent if the defendant "understands [the plea's] direct consequences," even if he does "not understand every collateral consequence." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). At a minimum, the defendant must understand the nature of the charges against him, the possible penalties, including the maximum penalty that may be imposed, and the constitutional rights he is waiving by entering a plea. *See Brady v. United States*, 397 U.S. 742, 756-57 (1970); *Boykin*, 395 U.S. at 242-44. To be voluntary, the defendant must make the ultimate decision to plea. *See Fields v. Gibson*, 277 F.3d 1203, 1213 (10th Cir. 2002) (explaining that a plea may be involuntary if counsel "materially misinforms the defendant of the consequences of the plea") (quoting *United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990)); *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) ("[C]oercion by the accused's counsel can render a plea involuntary."). "Whether a plea is voluntary is a question of federal law, but this legal conclusion rest on factual findings and inferences from those findings." *Fields*, 277 F.3d at 1212.

In determining whether a plea is knowing and voluntary, habeas courts may consider the petitioner's signed plea worksheet or other written documents relevant to the plea. *See Hoffman v. Young*, 23 Fed. App'x 885, 887 (10th Cir. 2001) (unpublished) [2] ("[R]eliance upon … documentary evidence such as the questions and answers to a form may be sufficient to make th[e] determination" that "a guilty plea is knowing and voluntary"); *Cross v. Franklin*, 520 Fed. App'x. 671, 674-75 (10th Cir. 2013) (unpublished) (rejecting involuntary plea claim where the signed plea

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

5

worksheet listed the proper range of punishment and petitioner indicated he knew the punishment range); *Brown v. Dep't of Corrs. Oklahoma State Penitentiary*, 597 Fed.Appx. 960, 963 (10th Cir. 2014) (finding a plea was voluntary where defendant acknowledged the maximum penalty in writing). The petitioner's testimony at the plea hearing as to the knowing and voluntary nature of his plea is also accorded a strong presumption of reliability. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (noting that "representations of the defendant ... at [a plea] hearing as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings").

The OCCA considered Petitioner's due process claims and concluded: "[t]his is not a case where Petitioner entered his plea through inadvertence, ignorance, or without deliberation." Dkt. 12-5 at 3. The OCCA found, based on the record, that Petitioner's "testimony at the hearing on the motion to withdraw shows simply that he now has 'buyer's remorse' over the amount of prison time he agreed to serve in exchange for his guilty plea. The mere fact that Petitioner is now unhappy with the sentence he received does not mean his plea is invalid." *Id.*

Having reviewed the record, the Court agrees the plea was voluntary and knowing. In the plea worksheet, Petitioner represented: (a) he understood the sentence would be thirty years and that he must serve at least 85% of the sentence; (b) he was not taking medications at the time of plea, although he had a prescription for Xanax (an anxiety medication) and Prozac (an anti-depressant); (c) he had not been treated for illness since 1996; (d) he understood he was waiving all rights except to file a motion to withdraw the plea; and (e) he received adequate advice from counsel. Dkt. 12-2 at 1-5. Petitioner reiterated these points during the following plea colloquy:

COURT: You understand that you're telling me by this form and your signature on it that you, with the assistance of [Plea Counsel], have completed it, you understand it, and it's true and correct; is that right?

PETITIONER: Yes, sir.

COURT: Is there anything affecting your ability to understand what's going on today?

PETITIONER: No, there's not.

COURT: You know then that you have certain rights. They're listed for you. Do you … understand each one of those rights?

PETITIONER: Yes, sir.

COURT: And you know that by entering this plea of guilty today you're going to give those rights up?

PETITIONER: Yes, sir.

COURT: You've also acknowledged that you understand the 85 percent rule and that this applies, the rule for 85 percent before you're eligible for parole applies in this case …?

PETITIONER: Yes, sir.

COURT: The State is … recommending 30 years …. And is that your understanding?

PETITIONER: Yes, sir.

COURT: Anything about that unclear to you?

PETITIONER: No, sir.

COURT: … Has anyone threatened you, told you some story to have you enter this plea of guilty today?

PETITIONER: No, sir.
…
COURT: I'll determine then that you have knowingly and intelligently waived your rights, freely and voluntarily entered your plea.

PLEA COUNSEL: The only other thing I wanted to mention was that I had told the defendant of his right to a PSA and the possibility of getting something less than 30 years, and against my advice he decided to plea and take the deal today just to get it done today.

COURT: Is that true?

PETITIONER: Yes, sir.

Dkt. 13-1 at 2-5.

At the 2011 withdrawal hearing, Petitioner failed to present "believable reason[s] justifying departure from the[] apparent truth" of his earlier statements. *U.S. v. Sanchez*, 105 F.3d 670 (10th Cir. 1997) (addressing involuntary pleas in the habeas context). He admitted he took the negotiated plea of thirty years, against the advice of counsel, because he wanted to get out of county jail. Dkt. 13-2 at 22-23. It is possible "that the conditions of an inmate's incarceration could be so severe as to render a plea involuntary." *United States v. Douglas*, 210 Fed. App'x 771, 775 (10th Cir. 2006) (unpublished). However, the Tenth Circuit has expressly rejected such an argument where, as here, the defendant failed to raise any alleged abuse at the plea hearing and testified "he was pleading guilty because he was, in fact, guilty." *Id.* Further, the testimony at the withdrawal hearing is insufficient to demonstrate Petitioner was impaired at the time of the plea. The prosecutor asked Petitioner why he represented he was not impaired at the time of the plea - if he was in fact taking antipsychotic medication and suffering from opiate withdrawals - but he became evasive and would not supply a straight answer. Dkt. 13-2 at 21-22. Plea Counsel also testified he was not aware of any medications or mental health issues that impaired Petitioner's judgment at the time of the plea. *Id.* at 31-34.

On this record, the Court cannot disturb the OCCA's finding that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is therefore unavailable as to Ground 1.

**Ground 2: Ineffective Assistance of Counsel**

In Ground 2, Petitioner contends Plea Counsel rendered ineffective assistance. Dkt. 1 at 8. He argues Plea Counsel failed to file a motion to withdraw the plea within the ten day statutory deadline. Dkt. 4 at 11. Petitioner further contends he only spent about 10-20 minutes with Plea

8

Counsel before the preliminary hearing date, and suggests Plea Counsel failed to sufficiently explain the consequences of the plea. *Id.* at 10-11.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. *See* U.S. Const. amend VI. A deprivation of that right occurs where: (1) counsel's performance was deficient and (2) such performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance involves "serious errors" that violate "prevailing professional norms." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 694). This can include the failure to adequately explain the consequences of a plea, which must "represent[ ] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (quotations omitted). To demonstrate prejudice in the plea context, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The OCCA declined to consider Plea Counsel's performance because Petitioner failed to preserve the issue for appellate review. Dkt. 12-5 at 4. However, the Court will overlook the procedural bar because the claim fails on the merits. *See Thacker v. Workman*, 678 F.3d 820, 848 (10th Cir. 2012). *See also McCracken v. Gibson,* 268 F.3d 970, 976 (10th Cir. 2001) ("Even if we were to overlook the procedural bar and address [petitioner's] arguments on the merits, we are not persuaded he would be entitled to federal habeas relief.").

Petitioner's primary complaint is that Plea Counsel refused to file a motion to withdraw the plea within the ten-day statutory window. The appropriate remedy, should this Court agree, would be to grant a conditional writ allowing Petitioner to pursue the motion out of time. *See Hayes v.*

*Evans*, 70 F.3d 85 (10th Cir. 1995) (noting a conditional writ can be used to require discrete action by state court); *McFarland v. Yukins,* 356 F.3d 688, 712-13 (6th Cir. 2004) (conditional writ is appropriate remedy upon finding of ineffective assistance and attorney conflicts); Brian R. Means, *Federal Habeas Manual,* § 13.44 (courts should issue a writ that would "put the defendant back in the position he would have been in if the Sixth Amendment violation had not occurred."). Because the OCCA already granted such relief, Petitioner's argument regarding the untimely motion to withdraw is moot. *See Dubuc v. Oklahoma Court of Criminal Appeals*, 91 F.3d 159 (10th Cir. 1996) (unpublished) (noting petitioner's "claims are … moot" because "[t]he district court could have afforded [petitioner] no more relief than that he received from the Oklahoma Court of Criminal Appeals"); *Hayes*, 70 F.3d at 85 (determining habeas claims were moot where OCCA found error and remanded for a new trial).

To the extent Petitioner argues Plea Counsel was otherwise ineffective, the record reflects his performance did not impact the outcome of the proceeding. Petitioner admits he acted "against the advice of counsel, who wanted to wait for a presentence investigation [report]" before agreeing to any plea deal. Dkt. 14 at 7; *see also* Dkt. 13-1 at 2-5. Plea Counsel noted on the record he believed there was a "possibility of getting something less than 30 years," but Petitioner insisted on accepting the negotiated plea. Dkt. 13-1 at 2-5. As discussed above, Petitioner was adequately informed of the consequences of the plea. It is unclear what more, if anything, Plea Counsel could have done to produce a better result. Petitioner has therefore failed to demonstrate ineffective assistance of counsel, and Ground 2 fails.

**Ground 3: Excesssive Sentence**

Petitioner finally argues the state court imposed an excessive sentence under the circumstances of his case. Challenges to a state sentencing decision are generally not "constitutionally cognizable" in habeas proceedings "unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). In other words, federal "review of a sentence ends once [the Habeas Court] determine[s] the sentence is within the limitation set by statute." *Id.* (citing *Vasquez v. Cooper*, 862 F.2d 250, 255 (10th Cir. 1988).

The OCCA found, and the Court agrees, that "[t]he 30 year sentence of imprisonment imposed in this case … was within the range of punishment provided by law and does not shock the … conscience." Dkt. 12-5 at 6. Petitioner pled guilty to robbery with a dangerous weapon after three felonies in violation of OKLA. STAT. tit. 21, § 801. That section carries a penalty of ten years to life imprisonment. Thus, Petitioner's sentence is not excessive, and habeas relief is unavailable with respect to Ground 3.

Based on the foregoing, the Court concludes Petitioner's conviction does not violate federal law. *See* 28 U.S.C. § 2254(a). The Petition must therefore be denied.

**III. Certificate of Appealability**

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court rejects the merits of petitioner's constitutional claims, he must

make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made the requisite showing on any of his claims. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. 1) is **denied**.
2. A certificate of appealability is **denied**.
3. A separate judgment will be entered herewith.

**ORDERED this 26th day of February 2019.**

**TERENCE C. KERN**
**United States District Judge**